**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | |
|---|---|
| BENJAMIN CALDERON, RYAN GONZALEZ, RALPH HERNANDEZ, AND KYLER WALLGREN, Individually and For Others Similarly Situated<br><br>v.<br><br>COASTAL BEND MOORING AND MARINE, INC. | Case No. _____<br><br>Jury Trial Demanded<br><br>FLSA Collective Action<br>Pursuant to 29 U.S.C. § 216(b) |

**COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1.      Benjamin Calderon, Ryan Gonzalez, Ralph Hernandez, and Kyler Wallgren bring this collective action to recover unpaid overtime and other damages from Coastal Bend Mooring and Marine, Inc. ("Coastal Bend").

2.      Coastal Bend employed Benjamin Calderon ("Calderon") originally as a Line Handler and then as a "manager" or Salaried Dock Worker although at times during his time as a "manager" he also worked as a Line Handler.

3.      Coastal Bend employed Ryan Gonzales ("Gonzalez") as a Line Handler and subsequently as a Barge Captain. Despite the classification as a Barge Captain, Gonzalez routinely worked as a Line Handler, for which he was paid a Day Rate like the other Day Rate Workers (defined below).

4.      Coastal Bend employed Ralph Hernandez ("Hernandez") as a Line Handler for which he was paid a Day Rate like the other Day Rate Workers (defined below).

5.      Coastal Bend employed Kyler Wallgren ("Wallgren") as a Line Handler or Line Man for which he was paid a Day Rate like the other Day Rate Workers. Wallgren's principal work was as a Line Handler for which he worked shoreside.

6.      Coastal Bend never pays its Day Rate Workers or Salaried Dock Workers overtime; rather, Coastal Bend pays all of the Day Rate Workers and Salaried Dock Workers a flat amount for each day worked and/or a flat rate for time in excess of a normal work day or work week without overtime compensation.

7.      Coastal Bend's Day Rate scheme and Flat Rate for Overtime Scheme violate the Fair Labor Standards Act (FLSA) by depriving plaintiffs herein and the other Day Rate Workers and Salaried Dock Workers overtime pay for overtime hours worked when they work in excess of eight (8) hours a day or forty (40) hours in a given workweek.

### JURISDICTION & VENUE

8.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9.      This Court has general personal jurisdiction over Coastal Bend because Coastal Bend is a Texas Corporation headquartered in this District.

10.      Venue is proper because a substantial portion of the events or omissions giving rise to this action occurred in this District. 28 U.S.C. § 1391(b)(2).

### PARTIES

11.      At various times within the last three (3) years, Coastal Bend employed plaintiff's herein in various capacities with positions variously described as "Line Handler", "Barge Captain", "Line Man" and "Manager". All of the employees herein worked at Coastal Bend's locations in Corpus Christi and Ingleside, Texas.

12. Throughout the term of their employment, Coastal Bend paid Hernandez, Gonzalez, and Wallgren, and for a portion of the time he was employed, Calderon, a flat rate for each day worked, irrespective of the total hours worked on that workday or in that work week and failed to pay these employees overtime ("day rate pay scheme").

13. In addition, during the course of his employment, Calderon was promoted to the position of "manager" where his pay was converted to a fixed salary. However, his title as "manager" is erroneous, as he does not perform executive, administrative, or professional duties within the meaning of the FLSA and is not FLSA exempt.

14. Calderon was routinely called upon to work overtime and extra days for which he was paid a flat rate, again as part of the day rate pay scheme.

15. Written consents for each plaintiff are attached hereto as **Exhibits 1-4, inclusive**.

16. Plaintiffs, jointly and severally, bring this collective action on behalf of themselves and similarly situated Coastal Bend employees who were paid under the day rate pay scheme, whether classified as "Line Handler", "Barge Captain", "Line Man" and "Manager" as Day Rate Workers or Salaried Dock Workers.

17. The putative collective(s) of similarly situated employees is defined as:

> **All current and former employees of Coastal Bend, classified as or working in the role as Line Handlers, Line Man, Barge Captain or managers, that Coastal Bend paid a day rate or flat rate in the last 3 years (the "Day Rate Workers" and "Salaried Dock Workers").**

18. Coastal Bend is a Texas corporation headquartered in Corpus Christi, Texas.

19. Coastal Bend may be served with process through its registered agent, Laurence A. Valls, 210 South Carancahua, Suite 600, Corpus Christi, Texas 78469.

## FLSA COVERAGE

20.    At all relevant times, Coastal Bend was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

21.    At all relevant times, Coastal Bend was an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

22.    At all relevant times, Coastal Bend was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as cell phones, computers, and personal protective equipment—that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

23.    At all relevant times, Coastal Bend has had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

24.    At all relevant times, plaintiffs herein were Coastal Bend's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

25.    At all relevant times, plaintiffs herein were engaged in commerce or in the production of goods for commerce.

26.    Coastal Bend uniformly applied its policy of paying its Line Handlers, Line Men, Barge Captains, and Shore Side Managers, including plaintiffs herein, flat rates with no overtime compensation. This was in part done pursuant to a complicated call out scheme.

27.    Coastal Bend employed this scheme not only as a day rate per day worked, but also a fractional day rate or flat rate for call outs in excess of regular time for which no overtime compensation was paid.

28.    Coastal Bend employed this policy regardless of any individualized factors such as precise job position, hours already worked, specific assignment, time of day, or geographic location.

29.    As a direct result of Coastal Bend's day rate pay scheme, plaintiff's herein, irrespective of their particular position, did not receive overtime in violation of the FLSA.

30.    Coastal Bend's uniform compensation scheme of paying plaintiffs a day rate or flat rate with no overtime wages during workweeks in which these employees work in excess of 40 hours violates the FLSA. 29 U.S.C. $ 207(a) & (e).

## FACTS

31.    Coastal Bend holds itself out as "Experts In Line Handling and Launch Services Since 1988"[1]

32.    To meet its business objectives, Coastal Bend hires workers, like plaintiffs herein and the other Day Rate Workes and Salaried Dock Workers who it considers "Trained Crews" comprised of Boat Operators, Deck Hands, and Support Personnel to its marine industry clients; however, said employees are not exempt from the FLSA.

33.    While exact job titles and duties may vary, plaintiffs and the other Day Rate Workers and Salaried Dock Workers are subjected to the same or similar illegal pay practices at Coastal Bend where they are denied legitimate overtime compensation.

34.    For example, Line Handlers, whose primary job duties include pushing, pulling, lifting and dragging heaving and mooring lines, while shoreside on the dock, are paid a day rate. Most, if not all of the work performed, was done on shore.

35.    None of the plaintiff or the other members of the putative collective would be classified as "seamen" under the seaman's wage act despite their maritime connection.

36.    By way of example only and for illustration, the following reflects how the Day Rate Workers were paid pursuant to the day rate pay scheme:

---

[1] https://valls.com/affiliate/coastalbendmooringmarine/ (Last Accessed 04/22/2026).

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 140.0000 | 5.00 | 700.00 | 700.00 |
| Extra Job | 140.0000 | 1.00 | 45.00 | 45.00 |
| **Gross Pay** | | | **$745.00** | 745.00 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -53.20 | 53.20 |
| | Social Security Tax | -46.19 | 46.19 |
| | Medicare Tax | -10.80 | 10.80 |
| | **Net Pay** | **$634.81** | |
| | **Net Check** | **$634.81** | |

Your federal taxable wages this period are $745.00

| Other Benefits and Information | this period | total |
|---|---|---|
| Totl Hrs Worked | 6.00 | |

**Deposits**

| Account No. | | XXXX |
|---|---|---|
| Transit/ABA | | XXXX |
| Pending | | |

**Important Notes**
BASIS OF PAY: HOURLY

YOUR BANK WAS NOTIFIED OF YOUR REQUEST FO
DEPOSIT. IT WILL BEGIN AFTER ACCOUNT VERIFICA

**Additional Tax Withholding Information**
Exemptions/Allowances:
TX:          No State Income Tax

37.     The "rate" is a flat rate for a day's work. The reference to hourly is incorrect. The "Extra Job" is a flat rate for overtime or for extra days but is not reflective of hours worked nor is it designated as "overtime". The "Total Hours Worked" section is likewise incorrect.

38.     None of the Day Rate Workers make guaranteed pay. The Salaried Dock Workers, while paid a salary, are not paid for overtime despite routinely working in excess of 40 hours a week and their title as managers is erroneous, as they do not perform executive, administrative, or professional duties within the meaning of the FLSA and are not otherwise FLSA exempt.

39.     On occasion, both the Day Rate Workers, who do not get paid if they do not work, and the Salaried Dock Workers do not receive true overtime compensation when they work in excess of 40 hours in any given work week.

40.     On occasion, and routinely for some, including the Salaried Dock Workers, plaintiffs and other members of the putative collective routinely work 12-20 hours per day, something the Coastal Bend requires as part of an "incentive" or "extras" scheme.

41.     Plaintiffs work on the schedules as set by Coastal Bend but also are subject to a rotating on call scheme which would, on occasion, result in the Day Rate Workers and Salaried Dock Workers being called out after hours multiple days a week, sometimes multiple times a night for which they were either not compensated, or for which they were paid a flat rate, an extra or incentive, which was usually a percentage of their day rate as reflected in the above pay stub.

42.     Rather than receiving time and half as required by the FLSA, Coastal Bend pays plaintiffs and those similarly situated a day rate or fractional day rate regardless of the number of hours they work in a day or workweek.

43.     All of the Day Rate Workers perform similar job duties, work similar hours, and ate denied overtime as a result of the same illegal pay practice – Coastal Bend's day rate pay scheme.

44.     Despite knowing, and requiring, that these employees work in excess of forty (40) hours per week, or more, Coastal Bend uniformly denies these employees overtime compensation.

45.     Coastal Bend's policy of paying Plaintiffs and the Day Rate Workers and Salaried Dock Workers a day rate or flat rate with no overtime compensation violates the FLSA because it deprives these employees, all members of the putative collective, overtime compensation for the hours they work in excess of 40 hours in a workweek. This is all in willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

46.     Plaintiffs reallege and incorporate all other paragraphs by reference.

47.     The named plaintiffs, Benjamin Calderon, Ryan Gonzalez, Ralph Hernandez, and Kyler Wallgren bring their respective claims as a collective action on behalf of themselves and the other similarly situated employees of Coastal Bend under § 216(b) of the FLSA.

48.     Numerous individuals were victimized by Coastal Bend's pattern, practice, and policy of paying its employees such as plaintiffs herein, a day rate with no overtime for hours worked in excess of 40 in a workweek, which is in willful violation of the FLSA. Other Day Rate Employees and other who worked with plaintiffs were paid in the same manner, performed similar work, and were subject to Coastal Bend's same day rate and flat rate pay scheme.

49.     The Day Rate Workers and Salaried Dock Workers are similarly situated in the most relevant respects.

50.     Even if their job titles and locations might vary, these differences do not matter for the purpose of determining their entitlement to overtime pay. All the employees in the putative collective action were subject to the same policy: they were paid a day rate without regard to whether they were FLSA-exempt or not.

51.     Therefore, the specific job titles or locations of the Day Rate Workers and Salaried Dock Workers do not prevent collective treatment.

52.     Coastal Bend's failure to pay overtime wages at the premium rates required by the FLSA results from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the individual employees.

53.     Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Coastal Bend's records, and there is no detraction from the common nucleus of liability facts.

54.     Therefore, the issue of damages does not preclude collective treatment.

55.     Plaintiffs' several experiences are typical of the experiences of the other employees in the putative collectives.

56.     Plaintiffs, and each of them, have no interest contrary to, or in conflict with, the other Day Rate Workers that would prevent collective treatment.

57.     Like each employee employed by Coastal Bend during the relevant period, plaintiffs, and each of them, have an interest in obtaining the unpaid wages owed under federal law.

58.     A collective action is superior to other available means for fair and efficient adjudication of this lawsuit.

59.     Absent this collective action, many Coastal Bend employees will not obtain redress for their injuries, and Coastal Bend will reap the unjust benefits of violating the FLSA.

60.     Further, even if some of the employees in the putative collective could afford individual litigation, it would be unduly burdensome to the judicial system.

61.     Indeed, the multiplicity of actions would create a hardship to the putative collective, the Court, and Coastal Bend.

62.     Concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the various employee claims.

63.     There are many similarly situated Coastal Bend employees who have been denied overtime in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

64.     The putative collective members are known to Coastal Bend, are readily identifiable, and can be located through Coastal Bend's business and personnel records.

65.     Notice of this lawsuit should be sent to the Day Rate Workers and Salaried Dock Workers pursuant to 29 U.S.C. 216(b).

### COASTAL BEND'S VIOLATIONS WERE WILLFUL AND/OR DONE IN RECKLESS DISREGARD OF THE FLSA

66.     Plaintiffs incorporate all other paragraphs by reference.

67.     Coastal Bend knew it was subject to the FLSA's overtime provisions.

68.     Coastal Bend knew the FLSA required it to pay non-exempt employees, including the Day Rate Workers and Salaried Dock Workers, overtime at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

69.     Coastal Bend knew each Day Rate Worker and Salaried Dock Worker worked more than 40 hours in at least one workweek during the relevant period.

70.     Coastal Bend knew it paid the Day Rate Workers on a daily basis.

71.     Coastal Bend knew it paid the Day Rate Workers a day rate with no overtime for hours worked in excess of 40 in any given workweek.

72.     Nonetheless, Coastal Bend uniformly misclassified the Day Rate Workers as exempt or paid them a flat rate in lieu of overtime compensation as mandated by the FLSA and in knowing, willful, or reckless disregard for the FLSA all in violation thereof.

73.     Coastal Bend knowingly, willfully, and/or in reckless disregard carried out its illegal day rate pay scheme that systematically deprived the Day Rate Workers of overtime for their hours worked over 40 in a workweek in violation of the FLSA.

74.     As to the Salaried Dock Workers, Coastal Bend knew it did not pay its Salaried Dock Workers on a true "salary basis."

75.     That is, Coastal Bend knew its straight time for overtime pay scheme did not satisfy the "salary basis" test.

76.     Coastal Bend knew it needed to pass the "salary basis" test to qualify for the exemptions it might claim with respect to its Salaried Dock Workers.

77.     Coastal Bend's failure to pay its Salaried Dock Workers premium overtime wages was neither reasonable, nor was the decision not to pay these employees premium overtimes wages made in good faith.

78.     Coastal Bend knew, should have known, or showed reckless disregard for whether its conduct described in this Complaint violated the FLSA and knowingly, willfully, and/or in reckless disregard carried out its overtime pay scheme that systematically deprived these employees of overtime for hours over 40 in a workweek, in violation of the FLSA.

### CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

79.     Plaintiffs bring their FLSA claims as a collective action on behalf of themselves and those Day Rate Workers and himself and the other Salaried Dock Workers pursuant to 29 U.S.C. § 216(b).

80. Coastal Bend violated, and is violating, the FLSA by employing non-exempt employees, in a covered enterprise for workweeks longer than 40 hours without paying them overtime wages at rates not less than 1.5 times their regular rates of pay for hours worked after 40 in a workweek.

81. Coastal Bend's unlawful conduct harmed the Day Rate Workers and the other Salaried Dock Workers by depriving them of the overtime wages they are owed.

82. Accordingly, Coastal Bend owes the Day Rate Workers and the other Salaried Dock Workers the difference between the wages actually paid and the overtime wages actually earned.

83. Because Coastal Bend knew or showed reckless disregard for whether its straight time for overtime pay scheme violated the FLSA, Coastal Bend owes the Straight Time Employees these wages for at least the past 3 years.

84. Coastal Bend is also liable for an amount equal to all unpaid overtime wages as liquidated damages.

85. Finally, the Day Rate Workers and the other Salaried Dock Workers are entitled to recover all reasonable attorney's fees and costs incurred in this action.

### JURY DEMAND

86. Plaintiffs, and each of them, demand trial by jury.

### RELIEF SOUGHT

WHEREFORE, plaintiffs, Benjamin Calderon, Ryan Gonzalez, Ralph Hernandez, and Kyler Wallgren, individually and on behalf of the other Day Rate Workers and the other Salaried Dock Workers, seek the following relief:

a. An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. S 216(b) be sent to the Day Rate Workers and the Salaried Dock Workers allowing them to join this action by filing their written consent;

b.      An Order pursuant to Section 16(b) of the FLSA finding Coastal Bend liable for unpaid back wages due to plaintiffs, and each of them, and the Day Rate Workers and Salaried Dock Workers, plus liquidated damages in an amount equal to their unpaid wages for three years from the filing of this lawsuit;

c.      A Judgment against Coastal Bend awarding Day Rate Workers and Salaried Dock Workers as employees of Coastal Bend all their unpaid wages and liquidated damages for three years from the filing of this lawsuit;

d.      An Order awarding attorney's fees, costs, and expenses;

e.      Pre- and post-judgment interest at the highest applicable rates; and

f.      Such other and further relief as may be necessary and appropriate.

Dated: April 27, 2026.

Respectfully submitted:

**BOHMAN | MORSE, LLC**

/s/Martin S. Bohman
MARTIN S. BOHMAN (#22005)
HARRY E. MORSE (#31515)
400 POYDRAS STREET, SUITE 2050
NEW ORLEANS, LA  70130
TELEPHONE: (504) 930-4009
FAX: (888) 217-2744
E-MAIL: MARTIN@BOHMANMORSE.COM
E-MAIL: HARRY@BOHMANMORSE.COM

*Attorneys for Plaintiffs, Benjamin Calderon, Ryan Gonzalez, Ralph Hernandez, Kyler Wallgren and the putative collective members.*