United States District Court
Southern District of Texas
**ENTERED**
October 21, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BENJAMIN CALDERON, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| V. | § | CIVIL ACTION NO. 2:26-CV-00122 |
| | § | |
| COASTAL BEND MOORING AND MARINE, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND ALTERNATIVE MOTION TO SEVER**

Plaintiffs bring this collective action under the Fair Labor Standards Act ("FLSA"), claiming Defendant Coastal Bend Mooring and Marine, Inc. violated FLSA overtime pay requirements by paying them a flat rate irrespective of the hours they worked per week. Defendant moves to dismiss under two exemptions to the FLSA's overtime pay requirement: (1) the Seaman Exemption (applicable to all Plaintiffs) or (2) the Executive, Administrative, and Professional ("EAP") Exemption (applicable to one Plaintiff and other similarly situated managers). Because neither exemption is clear on the face of the complaint, Defendant is not entitled to dismissal.

Alternatively, Defendant moves to sever the collective action into three smaller collectives—one for line handlers, one for barge captains, and one for managers. Because discovery is necessary before resolving the severance issue, the Court declines to sever the action at the pleading stage. Accordingly, the Court **DENIES** Defendant's motion to dismiss and **DENIES without prejudice** Defendant's alternative motion to sever alternative motion to sever. (D.E. 13).

## I. Background

As is appropriate at the motion-to-dismiss stage, the Court's factual summary is taken from Plaintiff's complaint. *Armadillo Hotel Grp., LLC v. Harris*, 84 F.4th 623, 626 (5th Cir. 2023).

Defendant employed Plaintiffs over the last three years in various positions at Defendant's Corpus Christi and Ingleside locations. (D.E. 1, p. 1–2). Plaintiff Calderon was first employed as a line handler and later employed as a manager, or salaried dock worker.[1] *Id.* at 1. Plaintiff Gonzales was a line handler then switched to barge captain. *Id.* Plaintiffs Hernandez and Wallgren worked only as line handlers. *Id.* at 1–2. Thus, every Plaintiff worked as a line handler at some point during their employment with Defendant.

Line handlers' job duties are comprised of "pushing, pulling, lifting, and dragging heaving and mooring lines, while shoreside on the dock." *Id.* at 5. Plaintiffs have not described the job duties of barge captains or managers. They allege Plaintiffs Calderon and Gonzales continued to work occasionally as Line Handlers despite their job title changes. *Id.* at 1. Plaintiffs claim that Plaintiff Calderon's title as "manager" was "erroneous, as [he did] not perform executive, administrative, or professional duties." *Id.* at 6.

While employed as line handlers and barge captains, Plaintiffs were not paid hourly. *Id.* at 2. Plaintiffs were paid a day rate, irrespective of the hours they worked. *Id.* For time they worked outside of their normal shifts—referred to as an "extra job" by Defendant—Plaintiffs were paid a flat rate, not time and a half. *Id.* at 3, 6. Plaintiffs worked "extra jobs" often due to Defendant's on-call practice which "called out [employees] after hours multiple days a week, sometimes multiple times a night." *Id.* at 6. Plaintiffs "routinely work[ed] 12-20 hours per day." *Id.*

---

[1] Plaintiffs use the terms "manager" and "salaried dock worker" interchangeably throughout the complaint. *See* (D.E. 1, p. 1, 3). The Court uses the term "manager."

While Plaintiff Calderon was employed as a manager, he was paid a salary rate. *Id.* Plaintiff Calderon and those in his same position, however, regularly worked more than forty hours a week and did not receive overtime pay. *Id.* Plaintiffs claim managers are entitled to overtime pay because they were not performing executive, administrative, or professional duties. *Id.*

Defendant's alleged pay practices form the basis of Plaintiffs' FLSA collective action, in which Plaintiffs allege nonpayment of overtime to line handlers, barge captains, and managers.

* * *

Defendant moves to dismiss under two exemptions to the FLSA's overtime pay requirement: (1) the Seaman Exemption (applicable to all Plaintiffs) or (2) the Executive, Administrative, and Professional ("EAP") exemption (applicable to one Plaintiff and other similarly situated managers). (D.E. 13, p. 2). Alternatively, Defendant moves to sever the collective action into three smaller collectives—one for line handlers, one for barge captains, and one for managers. *Id.*

## II. Legal Standards

### A. Rule 12(b)(6)

Defendant moves for dismissal of Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. 13, p. 1). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must accept the plaintiff's factual assertions as true; although, mere legal conclusions are owed no weight. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir.

2019) (quoting *Iqbal*, 556 U.S. at 678). While a sufficient complaint does not require "detailed factual allegations," the facts pled must raise the plaintiff's "right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555). A court must draw all reasonable inferences in the plaintiff's favor. *See Allen v. Vertafore, Inc.*, 28 F.4th 613, 617 (5th Cir. 2022). However, a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Twombly*, 550 U.S. at 555.

Although dismissal under Rule 12(b)(6) is ordinarily reserved for when a plaintiff fails to allege facts that, if true, give rise to a claim, "a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). However, a plaintiff "need not identify every element of [their] claim, particularly where the contested elements relate to [an] affirmative defense." *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006).

**B. FLSA Overtime Pay Claims**

The FLSA requires employers to pay employees a rate of at least time and a half for work exceeding forty hours in a week. 29 U.S.C. § 207(a)(1). To state a claim for an employer's failure to pay overtime under the FLSA, a plaintiff must show "(1) that there existed an employer-employee relationship during the overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014). For employee activity to be within FLSA coverage for an overtime pay claim, an employee simply must demonstrate "that [she] has in fact performed work for which [she] was improperly compensated." *Harvill v. Westward*

*Comm'cns, LLC*, 433 F.3d 428, 441 (5th Cir. 2005) (alterations in original) (quoting *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946)).

**C. Exemptions to FLSA Coverage**

An employee may nevertheless be exempt from FLSA coverage due to their status or job duties. FLSA exemptions are affirmative defenses in which the employer bears the burden of proof. *Meza v. Intelligent Mexican Mktg., Inc.*, 720 F.3d 577, 580–81 (5th Cir. 2013) (citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 196 (1974)). FLSA exemptions are narrowly construed. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001). And the Department of Labor's regulations interpreting the exemptions are "entitled to great weight." *Coffin v. Blessey Marine Servs., Inc.*, 771 F.3d 276, 279 (5th Cir. 2014).

*i. The Seaman Exemption*

The Seaman Exemption excuses those "employed as a seaman" from the FLSA's maximum hour protection and overtime pay requirement of. 29 U.S.C. § 213(b)(6). Two prongs must be met to be "employed as a seaman." *Coffin*, 771 F.3d at 281. First, the employee must either be the master of a vessel or be "subject to the authority, direction, and control of the master" of a vessel. *Id.* (citing 29 C.F.R. § 783.31). Second, the employee's service must be offered primarily "to aid the vessel [for which they are the master of or subject to the master's authority] as a means of transportation, provided that the employee does not perform a substantial amount of different work." *Id.* (citing 29 C.F.R. § 783.31).

The first prong is the threshold question. An employee who is not the master of a vessel or subject to a vessel master's authority is not a seaman under the FLSA. 29 C.F.R. § 783.31. Department of Labor Regulation states that the exemption is "not intended to apply to any employee who is not employed on a vessel." *Id.* Even if a plaintiff is employed on a vessel and

subject to the authority of a vessel master, however, the employee must still satisfy the second prong to qualify as a seaman.

The second prong "concentrates on the duties of [the] employee." *Halle v. Galliano Marine Service, LLC*, 855 F.3d 290, 294 (5th Cir. 2017). The Court must determine "whether the 'primary purpose' of the particular individual's work is safe navigation of the ship." *Id.* In other words, "the employee must be a (more or less) full-time member of [a] marine crew, that is, the crew that is responsible for operating the ship." *Coffin*, 771 F.3d at 281 (citing *Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1104 (7th Cir. 2004)). The employee's work helping ship navigation must be directed at the ship that they are employed on.[2] The second prong, though, does not depend on whether the work is conducted on land or on a vessel. And an employee is not exempt as a seaman if they perform a substantial amount of non-seaman work, totaling more than twenty percent of their work week. *Id.* § 783.37.

*ii. The Executive, Administrative, and Professional Exemption*

Under the Executive, Administrative, and Professional ("EAP") Exemption, an employee "employed in a bona fide executive, administrative, or professional capacity" is exempt from minimum and maximum hour protections and overtime pay requirements. 29 U.S.C. § 213(a)(1). A job title indicating an executive, administrative, or professional role is insufficient alone to exempt an employee from FLSA protections. 29 C.F.R. § 541.2. Exemption is based on whether the employee is paid on a salary basis, is paid at least the minimum salary requirement, and whether

[2] The "vessel" at issue in the first prong of the Seaman Exemption is the same "vessel" at issue in the second prong; therefore, the work must be aimed at the vessel the employee works on. 29 C.F.R. § 783.31 ("[A]n employee will ordinarily be regarded as 'employed as a seaman' if he performs, as master or subject to the authority, direction, and control of the master aboard a vessel, service which is rendered primarily as an aid in the operation of *such vessel* as a means of transportation, provided he performs no substantial amount of work of a different character." (emphasis added)).

performance of exempt work is the "primary duty" of the employee. *Id.* at §§ 541.600, 541.602, 541.700.

An employee is paid on a salary basis when they "regularly receive[] . . . a predetermined amount constituting all or part of the employee's compensation, which . . . is not subject to reduction because of variations in the quality or quantity of the work performed." *Id.* at § 541.602. That salary must be equivalent to at least $684 per week. *Id.* at § 541.600. Unlike the Seaman Exemption, the EAP Exemption does not directly depend on the amount of time an employee spends on exempt work; rather, the EAP Exemption requires courts to look at the totality of the circumstances to determine whether the exempt work is a "primary duty" of the employee. *Id.* at § 541.700. A "primary duty" is a "principal, main, major or most important duty that the employee performs." *Id.* at § 541.700(a). While the time an employee spends on the exempt work is a factor, it is not determinative. *Id.* at § 541.700(b). So, an employee who "does not spend more than 50 percent of their time performing exempt duties may nonetheless meet the primary duty requirement." *Id.*

There are three different kinds of exempt work, only two of which are relevant here: executive and administrative. Executive exempt work consists of the "management of the enterprise . . . or of a customarily recognized department," directing "the work of two or more employees" regularly, and the authority to hire or fire or weigh in on hiring or firing. *Id.* at § 541.100(a)(2)–(4). Administrative exempt work includes "office or non-manual work directly related to the management or general business operations of the employer or the employer's customers" and "the exercise of discretion and independent judgment with respect to matters of significance." *Id.* at § 541.200(a)(2)–(3).

## III. Analysis

### A. Seaman Exemption

Defendant moves to dismiss Plaintiffs' complaint, claiming all plaintiffs are exempt from the FLSA's overtime pay requirement under the Seaman Exemption. (D.E. 13, p. 7–12). Because the Seaman Exemption is an affirmative defense, it must be clear on the face of Plaintiffs' complaint for Defendant's motion to succeed. *See Meza v. Intelligent Mexican Mktg., Inc.*, 720 F.3d 577, 580–81 (5th Cir. 2013); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). The Court does not find the Seaman Exemption clear on the face of the Plaintiffs' complaint.

Applying *Coffin*'s two-prong test for the Seaman Exemption, Plaintiffs do not plead they are employed as seamen. First, Plaintiffs are not "subject to the authority, direction, and control of the master" of a vessel. *Coffin*, 771 F.3d at 281 (citing 29 C.F.R. § 783.31). Plaintiffs answer to Coastal Bend—who is not the master of a vessel that the Plaintiffs work on. (D.E. 1, p 5). Coastal Bend supplies shoreside crews, comprised of the Plaintiffs, to *assist* the vessels of Coastal Bend's clients. *Id.*; *see also* (D.E. 13, p. 5) ("Costal Bend is a marine-services company that holds itself out as providing 'Line Handling and Launch Services' to marine industry clients."). Plaintiffs' schedules are set by Coastal Bend, *id.* at 6, and while they might be assigned by Coastal Bend to assist a particular vessel, neither party claims that Plaintiffs would be subject to the command of that vessel. And even so, the Exemption is "not intended to apply to any employee who is not employed on a vessel," and Plaintiffs appear to be employed shoreside, not employed on a vessel. 29 C.F.R. § 783.31.

It is also not clear on the face of the complaint that Plaintiffs are acting as masters of a vessel while working for Defendant. Plaintiffs allege that those employed as line handlers work with mooring lines on the dock. *Id.* at 5. Taking that allegation as true, those working as line handlers would not be acting as masters of a vessel. Plaintiffs did not allege the job duties of barge

captains and managers, who they include in this collective action. *See* (D.E. 1). Consequently, it is not clear on the face of the Plaintiffs' complaint that barge captains or managers act as masters of a vessel.

As the first prong is a threshold inquiry, the Court need not proceed to the second prong. Though even if the first prong is met, the second still stands in Defendant's way. The second prong requires the "'primary purpose' of the [employee's] work [to be the] safe navigation of the ship" that the employee is a master of or that they are employed on. *Halle*, 855 F.3d at 294 (citation omitted); *see also* 29 C.F.R. § 783.31. Plaintiffs do not plead that they aid the navigation of a ship *that they are employed on*, therefore the Seaman Exemption is not clearly applicable on the face of the complaint.

**B. Executive, Administrative, and Professional Exception**

Defendant also moves to dismiss Plaintiff Calderon's claim, and those of similarly situated Managers, based on the FLSA's EAP Exemption. (D.E. 13, p. 2). Because the EAP Exemption is an affirmative defense, it must be clear on the face of the Plaintiffs' complaint for Defendant's motion to succeed. *See Meza*, 720 F.3d at 580–81; *Clark*, 794 F.2d at 970.

The EAP Exemption is not clear on the face of the complaint because there are not enough facts in the complaint to support it. The EAP Exemption depends on whether the employee is paid on a salary basis, is paid at least the minimum salary requirement, and performance of exempt work is the "primary duty" of the employee. 29 C.F.R. §§ 541.600, 541.602, 541.700. Plaintiffs have pled contradictory information regarding how managers are paid. Plaintiffs routinely state that managers are paid a "day rate or flat rate with no overtime compensation," (D.E. 1, p. 7), though they also state they are "paid a salary," *Id.* at 6. Plaintiffs have not pled the amount that the managers are paid, so the Court cannot determine if Plaintiffs are paid the minimum salary

requirement. And Plaintiffs have not pled the job duties of the managers besides alleging that "they do not perform executive, administrative, or professional duties." *Id.* Thus, the Court cannot determine whether exempt executive or administrative work is the primary duty of the managers.

The lack of information provided by Plaintiffs on the managers is not fatal to their claims at this time. Defendant did not argue in their motion that Plaintiffs failed to state a claim as to the managers—they seek dismissal based solely on the EAP Exemption. (D.E. 13, p. 12–13). And Plaintiffs are not obligated to plead facts relevant to "the contested elements [of an] affirmative defense." *EPCO Carbon Dioxide Products, Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006). Accordingly, the EAP Exemption is not clear on the face of the complaint.

**C. Alternative Motion to Sever**

In the alternative, Defendant moves to sever the collective action into three smaller collectives—one for line handlers, one for barge captains, and one for managers. (D.E. 13, p. 13).

Collective action is created by the FLSA and permits employees to bring claims against their employer for themselves and other "similarly situated" employees. 29 U.S.C. § 216(b). Unlike class actions, plaintiffs must opt-in to an FLSA collective action and provide written consent to the court. *Id.* FLSA collective actions are not governed by Federal Rule of Civil Procedure 23 despite similarities to class actions. *See Swales v. KLLM Transport Services, LLC*, 985 F.3d 430, 440 (5th Cir. 2021) (refusing to read § 216(b) to require Rule 23 certification). Neither is an FLSA collective action the joinder of plaintiffs under Rule 20—collective action is a joinder mechanism but each employee who opts-in is not evaluated under Rule 20's framework. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010) (distinguishing a failed collective action from one brought through joinder).

Because employees must opt-in, the Court may "facilitiat[e] notice to potential plaintiffs." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989). The Court cannot, however, solicit

claims through its notice-giving role. *Id.* at 174. To avoid soliciting claims, the Court must only send notice to potential plaintiffs. *Swales*, 985, F.3d at 442. Potential plaintiffs are employees who are "similarly situated" to the existing plaintiffs. *Id.*

The Court determines which employees are "similarly situated" by identifying "what facts and legal considerations [are] material" to the question and "authoriz[ing] preliminary discovery" on those issues if necessary. *Id.* at 441. *Swales* does not require the Court to order discovery before resolving which employees are similarly situated. Rather, *Swales* gives the Court discretion to determine if discovery is necessary. *See id.* at 443 ("The bottom line is that the district court has broad, litigation-management discretion here."). If a district court determines discovery would aid its determination, then it should authorize it. *Id.* at 441. The scope of discovery is also in the court's discretion, with broader discovery possibly needed "where [p]laintiffs have demonstrably different work experiences." *Id.* at 442. A court should afterward consider all available evidence produced by discovery to define the scope of the collective action. *Id.*

The fact that Plaintiffs have different job titles does not itself necessitate severing the collective action at this stage. *See id.* (suggesting discovery is appropriate to determine whether plaintiffs with different work experiences are similarly situated). Even if Plaintiffs work different positions and have different job duties, it is possible that merits questions—including exemptions—could be resolved collectively. *Id.* Preliminary discovery, though, is necessary to determine whether exemptions can be resolved collectively.

## IV. Conclusion

For the reasons stated above, the Court **DENIES** Defendant's motion to dismiss and **DENIES without prejudice** alternative motion to sever. (D.E. 13). The Court **ORDERS** the

parties to submit proposed collective action briefing schedules, including the date the parties anticipate completing preliminary discovery.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
October 21st, 2026